

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2006

# USA v. Powell

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Powell" (2006). *2006 Decisions.* Paper 1259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 04-2120
_____

UNITED STATES OF AMERICA

v.

OMAR POWELL
a/k/a "O"

Omar Powell,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 03-cr-00050)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2006

Before: SLOVITER, AMBRO and MICHEL[*], Circuit Judges

(Filed April 18, 2006)

_____

OPINION

_____

[*]   Hon. Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal
Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Defendant Omar Powell pled guilty to one count of conspiracy to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846, after his pretrial motion to suppress physical evidence and statements was denied. He was sentenced on April 22, 2004 to 268 months imprisonment pursuant to the U.S. Sentencing Guidelines.

Powell appeals the denial of his pretrial motion to suppress, arguing that his Fourth Amendment rights were violated when he was subjected to a warrantless search by a probation officer, and that the physical evidence seized during the search, as well as subsequent statements he made in custody, should be suppressed. Powell also appeals his sentence on the grounds that the District Court violated United States v. Booker, 543 U.S. 220 (2005), by enhancing his sentence based on facts not admitted by him or proven to a jury beyond a reasonable doubt, and by treating the Guidelines as mandatory.

## I.

On October 28, 2002, Powell began a term of probation in Monroe County, Pennsylvania, for drug-related offenses. He was required to consent to warrantless searches of his person, possessions, and residence on the determination of his probation officer, and was also required to submit to periodic drug-testing. Shortly after his probation period began, Powell's urinalysis test revealed the presence of cocaine, in violation of the terms of his probation.

Several months thereafter, Powell's probation officer, Joseph Dunstone,

2

conducted a routine visit to the residence where Powell was reportedly living with his girlfriend, Jennifer Fox, who was also on probation for drug-related offenses. Dunstone was able to observe Powell and Fox in the bedroom through the glass door of the residence. When he knocked on the door, he observed that Powell appeared to conceal something inside his closet while Fox looked out the bedroom window towards the front door.

After Dunstone was admitted, he conducted a "swipe test" on Powell's fingertips and forehead, which revealed the presence of cocaine. A few minutes later, Powell's urine tested negative for the presence of cocaine, indicating that although he had handled the drug, he had not recently ingested it. Dunstone quickly located numerous small clear bags of a white rocky substance hidden inside of a boot in the closet, surmised that the substance was cocaine, and contacted the police, who arrived a short time later and obtained a search warrant for the residence.

The search resulted in the seizure of additional quantities of cocaine (including powder and rock cocaine hidden in Powell's shoe), cellular telephones, and approximately $4,000 in cash. Powell was arrested for probation violations. Before he was transported to the police station, he told a police officer that the powder cocaine belonged to him but that the rock cocaine did not. Powell was not given any Miranda warnings before this conversation. The police officer testified that Powell initiated the conversation and that he had only asked Powell whether he had been "ripped" (i.e.,

3

robbed).

Powell was indicted by a federal grand jury and charged with conspiracy to distribute and to possess with intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 846. While in custody, Powell signed <u>Miranda</u> waivers and confessed to trafficking drugs in the area.

Thereafter, Powell moved to suppress the physical evidence seized during the search of his home and person, and the incriminating statements made to law enforcement officials during the search and in subsequent interviews. The motion was denied after an evidentiary hearing. The District Court reasoned that because Powell was a probationer who had consented to warrantless searches, the probation officers needed only reasonable suspicion for the initial search. Dunstone's testimony regarding his observations of Powell's furtive movements in the house, the positive swipe test and Dunstone's knowledge of Powell's criminal history and his recent failure of a drug test provided reasonable suspicion to believe that Powell possessed contraband. Moreover, Powell's subsequent confessions to authorities, occurring two days, five days, and three months after the search, after valid <u>Miranda</u> waivers, were sufficiently distanced in time and space so as to dissipate any taint.

Powell subsequently pled guilty to one count of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 846. At his plea colloquy, Powell admitted to participating in an ongoing conspiracy to import

4

cocaine and distribute it in Monroe County, but reserved his right to appeal the denial of his motion to suppress. He also agreed to cooperate with the Government in exchange for favorable recommendations at sentencing for providing "substantial assistance."

The District Court treated the Sentencing Guidelines as mandatory, and calculated Powell's offense level as 34, adopting the Presentence Report's calculation of drug quantity, and applying a two-level downward departure for cooperation and a two-level enhancement for possession of a dangerous firearm in connection with the offense. The District Court also found that Powell was a career offender. Powell's resulting Guideline range was 235 to 293 months. The District Court sentenced him to 268 months imprisonment followed by ten years of supervised release. The statutory range for Powell's offense was twenty years to life. See 21 U.S.C. § 841(b)(1)(A).

## II.

Powell challenges the District Court's denial of his pretrial motion to suppress physical evidence and statements. We review a District Court's denial of a motion to suppress for clear error as to the underlying factual findings, and exercise plenary review over its application of the law to the facts. United States v. Lockett, 406 F.3d 207, 211 (3d Cir. 2005). We affirm the District Court's denial of Powell's motion to suppress physical evidence and statements because its factual findings are not clearly erroneous and because Powell's Fourth Amendment rights were not violated when he and his residence were searched by his probation officer and then by police officers.

5

Powell argues that because state and federal law enforcement officials "were collaborating in concert . . . well before Mr. Powell was detained," the searches violated the Fourth Amendment. Br. App't at 21. Powell argues that because the taint of this violation extends to the incriminating statements he made to local and federal investigators, and because he made those statements allegedly without being informed that he faced a potential life sentence, all of his statements should also be suppressed. We see no merit in these arguments.

Powell's reasonable expectation of privacy was reduced because he was on probation and had consented to warrantless searches on the determination of his parole officer. At the same time, the Government had an increased interest in monitoring his behavior. See Griffin v. Wisconsin, 483 U.S. 868, 875 (1987); United States v. Williams, 417 F.3d 373, 376 (3d Cir. 2005). "Reasonable suspicion" is sufficient to satisfy the Fourth Amendment for a warrantless search by a probation officer under such circumstances. United States v. Knights, 534 U.S. 112, 118–19 (2001).

We agree with the District Court's determination that Dunstone had a particularized and objective basis for surmising that there was cocaine on the premises. See United States v. Arvizu, 534 U.S. 266, 273 (2002) (quotations omitted) (reasonable suspicion is a particularized and objective basis, under the totality of the circumstances, for suspecting legal wrongdoing).

Nor is there any basis for suppressing Powell's statements. Powell initiated the

6

conversation with the police officer in his kitchen and volunteered the information that the powder cocaine belonged to him.  See Miranda v. Arizona, 384 U.S. 436, 444 (1966) (custodial interrogation is questioning "initiated by law enforcement officers").  Powell subsequently waived his Miranda rights in writing and his statements were voluntarily given.

Powell challenges his sentence on the ground it violates the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which was issued almost a year after he was sentenced.  Powell argues that the District Court violated Booker by calculating his sentence based on facts not charged in the indictment, admitted by him, or found by a jury by proof beyond a reasonable doubt, and by treating the Sentencing Guidelines as mandatory.

We review for plain error because Powell did not raise these claims below.  See United States v. Davis, 407 F.3d 162, 164–165 (3d Cir. 2005); Fed. R. Crim. P. 52(b).  Because the District Court, acting pre-Booker, treated the Guidelines as mandatory, the error is plain, and Powell's sentence must be vacated and the case remanded for resentencing in accordance with Booker.

Powell also argues for the first time on appeal that the District Court violated his Sixth Amendment rights as elucidated in Booker by applying two sentencing enhancements based on facts not admitted in his guilty plea or found by a jury beyond a reasonable doubt.  This court has stated that judicial fact-finding is permissible and "as

7

before <u>Booker</u>, the standard of proof under the Guidelines for sentencing facts continues to be preponderance of the evidence." <u>United States v. Cooper</u>, 437 F.3d 324, 330 (3d Cir. 2006).

### III.

We will affirm the order denying Powell's motion to suppress physical evidence and statements, but will vacate Powell's sentence and remand for resentencing in accordance with <u>Booker</u>.